UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT W. MILLSAPS, *individually and as personal representative of the Estate of Brenda Lee Millsaps and for the benefit of the children of Robert W. Millsaps and Brenda Lee Millsaps*, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ALCOA, INC., and BREEDING INSULATION COMPANY, INC., | ) ) ) |
| Defendants. | ) ) ) |

No. 3:10-CV-358-RLJ-CCS, *as consolidated with No. 3:13-CV-678*

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are a Motion to Quash [Doc. 76], filed by Defendant on September 19, 2014, and a Motion for Leave to Conduct Trial Preservation Deposition and for Expedited Hearing [Doc. 78], filed by Plaintiff on September 25, 2014. At issue in these motions and the accompanying filings is a deposition of Ben Campbell for proposed use at trial. For the reasons stated herein, the undersigned will permit the deposition of Mr. Campbell to proceed.

Mr. Campbell was a co-worker of John Millsaps, and Plaintiff represents that Mr. Campbell will offer testimony regarding the asbestos fibers brought home by Mr. Millsaps. There is no dispute that Mr. Campbell's deposition was previously taken on June 18, 2012. Plaintiff represents that Mr. Campbell is in poor health and has submitted the affidavit of Joyce

Campbell attesting to the same. [Doc. 79-1]. There is also no dispute that Plaintiff noticed the second deposition of Mr. Campbell without seeking leave of the Court to do so. [See Doc. 79-2].

The Court has thoroughly reviewed the parties' filings, and the Court has considered both the procedural posture of this case and Rule 30 of the Federal Rules of Civil Procedure. The Court finds, first, that the Plaintiff's notice of deposition does not comply with Rule 30 of the Federal Rules of Civil Procedure, because Plaintiff did not seek leave of court to conduct this second deposition prior to noticing the deposition. The notice of deposition could be quashed on this basis alone.

Notwithstanding, the Court finds that in this case the Plaintiff has demonstrated good cause for permitting the deposition to go forward on October 8, 2014. First, the Court finds that Plaintiff's counsel has represented to the Court that "Plaintiff simply desires to obtain a clearer direct examination [of Mr. Campbell] for trial, not different testimony." [Doc. 79 at 7]. Second, the Court finds that Ms. Campbell's affidavit demonstrates the seriousness of Mr. Campbell's health. Finally, the Court finds that Alcoa has had sufficient notice of this deposition given that Mr. Campbell's testimony will be a more succinct version of the testimony previously provided. Under these circumstances, the Court finds that the Defendant will not be prejudiced by the taken of this deposition or unduly burdened by the deposition.

Moreover, the Court would note that Mr. Campbell has not objected to the second deposition and, to the contrary, appears to be amenable to sitting for the second deposition. There is no indication that counsel for the Defendant represents Mr. Campbell or is otherwise empowered to speak on his behalf.

Accordingly, the Court finds that the Motion to Quash **[Doc. 76]** is not well-taken, and it is **DENIED**. The Court finds that the Motion for Leave to Conduct Trial Preservation

Deposition and for Expedited Hearing **[Doc. 78]** is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff is **GRANTED** leave to conduct Mr. Campbell's deposition, but the Plaintiff's request for a hearing is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>  s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge