UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT W. MILLSAPS, *individually and as personal representative of the Estate of Brenda Lee Millsaps and for the benefit of the children of Robert W. Millsaps and Brenda Lee Millsaps*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:10-CV-358-RLJ-CCS, *as consolidated with No. 3:13-CV-678* |
| ALCOA, INC., and BREEDING INSULATION COMPANY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Exclude Any Opinions from Experts Regarding Alcoa's Corporate Scienter [Doc. 39]. The Court finds that this motion is now ripe for adjudication, and for the reasons stated herein it will be **DENIED WITHOUT PREJUDICE**.

In the instant motion, the Defendant moves the Court to enter an Order precluding Plaintiff from eliciting any expert commentary regarding Defendant's corporate documents at trial under Rule 702 of the Federal Rules of Evidence. The Plaintiff has responded in opposition to the Defendant's motion, arguing *inter alia* that the motion in its current form is premature, indefinite, and overly broad. [Doc. 53]. The Defendant has filed a final reply in support of its position. [Doc. 52].

The Court has considered the parties' positions both as to the substantive challenges presented and as to the timing of the instant motion. The Court finds that the motion, in its present form, is both premature and overly broad. Defendant supports its broad request for exclusion by stating that many of the questions posed by Plaintiff's counsel in expert depositions began with the phrase, "Would it surprise you that . . ." and concluded with a recitation of various passages from corporate documents. The Court finds that the presiding District Judge will be equipped to address whether such questions are objectionable if and when they are presented at trial, and such rulings at trial will avoid the undersigned attempting to hypothesize about what questions will actually be asked at the trial.

Moreover, the Defendant's motion does not move the Court to exclude a particular question or group of questions. Instead, the Defendant seeks the broad relief of precluding Plaintiff from eliciting any expert commentary regarding Defendant's corporate documents at trial. The undersigned finds that it would be imprudent and improper to grant such broad-brush relief at this juncture. Accordingly, the Defendant's Motion to Exclude Any Opinions From Experts Regarding Alcoa's Corporate Scienter **[Doc. 39]** is **DENIED WITHOUT PREJUDICE**, to allow specific objections to questions to be presented at trial or in motions *in limine* as may be appropriate.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge